UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES B. MILLER,

        Petitioner,

  v.

JOSEPH LEHMAN, et. al.,

        Respondents.

CASE NO. C04-0671C

ORDER

      This matter comes before the Court on Respondents' Motion for Reconsideration (Dkt. No. 40). Respondents request that the Court reconsider its Order granting Petitioner's request for an evidentiary hearing (Dkt. No. 39). Respondents further request that the Court adopt Judge Theiler's Report and Recommendation ("R&R") (Dkt. No. 28). Although motions for reconsideration are disfavored, the Court will grant such a motion in the case of manifest error in the prior ruling. Local Rule 7(h)(1). The Court finds that its reliance on a pre-Anti-Terrorism and Effective Death Penalty Act ("AEDPA") standard in granting Petitioner's request was manifest error, and therefore hereby GRANTS Respondents' Motion for Reconsideration.

      Prior to the AEDPA, a habeas petitioner claiming ineffective assistance of counsel was entitled to an evidentiary hearing if petitioner raised a colorable claim and had not received a state or federal hearing

ORDER – 1

on that claim. *See Stankewitz v. Woodford*, 365 F.3d 706, 708 (9th Cir. 2004); *accord Siripongs v. Calderon*, 35 F.3d 1308, 1310 (9th Cir. 1994). However, the AEDPA requires a federal court to afford the state court's fact-finding process much greater deference. *See Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004). If a claim has been "adjudicated on the merits," meaning that the state court reached the merits of the claim and did not simply resolve the claim on procedural grounds, the state court's factual findings are cloaked in a presumption of correctness. *Lambert v. Blodgett*, 393 F.3d 943, 969 (9th Cir. 2003). Once that presumption attaches, a federal court may not second-guess a state court's fact-finding process unless, after review of the state court record, the court determines that the state court's findings were objectively unreasonable. *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004). Accordingly, a federal court may not grant an evidentiary hearing unless it finds that the state court's fact-finding process was objectively unreasonable.

In this case, Petitioner's claims were "adjudicated on the merits" by the Washington State Court of Appeals; the court reviewed the substantial record Petitioner's habeas counsel submitted including affidavits and declarations from Petitioner's trial counsel, a potential witness, Petitioner's habeas counsel, an ineffective assistance expert, and Petitioner himself. Accordingly, the Court must defer to the state court unless it finds that the state court's findings were objectively unreasonable.

Such a finding is not warranted in this case. The state court applied *Strickland v. Washington*, 466 U.S. 668 (1984), to the record and determined that Petitioner had not proven his ineffective assistance of counsel claim. Although the state court did not make all of the factual findings that Petitioner may have wished it would have, the absence of these findings does not make the state court's adjudication objectively unreasonable. In granting Petitioner's request for an evidentiary hearing, the Court committed manifest error by not affording the state court's findings the required deference. Accordingly, the Court hereby GRANTS Respondents' Motion for Reconsideration.

Respondents also seek an order adopting Judge Theiler's R&R in full. In her R&R, Judge Theiler recommends that this Court both deny Petitioner's request for an evidentiary hearing and discovery and

ORDER – 2

dismiss the petition. In considering Petitioner's request for an evidentiary hearing, Judge Theiler noted that the state appeals courts considered affidavits that Petitioner submitted from his trial counsel, a potential witness, his habeas counsel, an expert in ineffective assistance cases, and Petitioner himself. Judge Theiler then correctly reasoned that Petitioner's ineffective assistance claims can be decided based on this fully-developed record. She then correctly concluded that, accordingly, a federal evidentiary hearing is unwarranted.

Judge Theiler next considered the merits of Petitioner's claims. Judge Theiler thoroughly reviewed each of Petitioner's allegations of ineffective assistance in light of the clearly established federal law applicable to ineffective assistance claims; namely, the test articulated in *Strickland*. In each instance, Judge Theiler correctly concluded that the state court's adjudication of Petitioner's claims did not involve an unreasonable application of the *Strickland* standard.

Accordingly, it is so ORDERED:

(1) The Court hereby GRANTS Respondents' Motion for Reconsideration and ADOPTS the Report and Recommendation;

(2) Petitioner's Petition for Writ of Habeas Corpus (Dkt. No. 1) is hereby DENIED, and this matter is DISMISSED with prejudice;

(3) The Clerk is directed to enter judgment and send copies of this Order to counsel for Petitioner, to counsel for Respondents, and to the Honorable Mary Alice Theiler.

SO ORDERED this _20th_ day of May, 2005.

_____
UNITED STATES DISTRICT JUDGE

ORDER – 3