UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES B. MILLER,<br><br>                Petitioner,<br><br>    v.<br><br>JOSEPH LEHMAN, Secretary of Department of Corrections; and JAMES NYBOLD, Community Corrections Officer,<br><br>                Respondents. | CASE NO. C04-0671C<br><br>ORDER |

    This matter comes before the Court on Petitioner's notice of appeal and application for a certificate of appealability (Dkt. No. 49). The Court has considered the papers submitted by the parties. For the following reasons, Petitioner's application for a certificate of appealability is hereby DENIED.

    The Court may only issue a certificate of appealability if Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, Petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or that the issues presented are adequate to encourage Petitioner to proceed further. *Greenawalt v. Stewart*, 105 F.3d 1268, 1273 (9th Cir. 1997).

    Petitioner seeks leave to appeal four issues stemming from his claim of ineffective assistance of

ORDER – 1

1  counsel ("IAC"). First, Petitioner requests leave to appeal the Court's denial of his request for an
2  evidentiary hearing. The Washington State Court of Appeals adjudicated Petitioner's IAC claim on the
3  merits. Thus, Petitioner could obtain an evidentiary hearing only upon a showing that the state appeals
4  court's findings were objectively unreasonable. *Taylor v. Maddox*, 366 F.3d 992, 999-1000 (9th Cir.
5  2004). This Court found the state appeals court's findings to be objectively reasonable, and Petitioner
6  has not shown that this decision is debatable or that the issue is adequate to proceed further.

7       Petitioner next seeks to appeal the Court's denial of his request for additional discovery. Under
8  Rule 6(a) of the Federal Rules Governing Section 2254 Cases, a petitioner must show good cause before
9  a court will grant discovery. Good cause is present either when there are specific allegations that lead the
10 court to believe a petitioner may be able to demonstrate he is entitled to relief or when discovery is
11 essential to develop the underlying claim. *Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2005).
12 Petitioner's allegations do not demonstrate he is entitled to relief or that discovery is essential to develop
13 the claim. Thus, this issue is neither debatable nor adequate to encourage Petitioner to proceed.

14       Finally, Petitioner requests leave to appeal his claim that the performance of his trial counsel was
15 deficient and prejudicial and, thus, met the *Strickland v. Washington* standards for ineffective assistance
16 of counsel. 844 U.S. 668 (1984). This Court previously found that the Washington State Supreme
17 Court's findings on Petitioner's IAC claim were neither contrary to, nor involved an unreasonable
18 application of, the clearly established federal law as set out in *Strickland*. Petitioner does not show that
19 this finding is debatable or that the issue should proceed further.

20       Accordingly, Petitioner's application for a certificate of appealability is DENIED.

21

22       SO ORDERED this   15th   day of July, 2005.

23

24                                  [signature]
25                                  UNITED STATES DISTRICT JUDGE

26 ORDER – 2